# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|     Plaintiff/Respondent, § | |
| § | |
| v. § | Cr. No. C-01-351 |
| § | |
| JOSEPH SECRETO, § | |
|     Defendant/Movant. § | |

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S
## MOTION FOR DOCUMENTS AT GOVERNMENT EXPENSE

Pending before the Court is a letter motion filed by Defendant Joseph Secreto and received by the Clerk on April 28, 2008. (D.E. 53.) The entirety of the body of the motion states as follows:

> Please accept this letter request as formal motion seeking release of the following documents described within the docket entry of this case.
>     Docs 1, 31, 34, 39, 44, 47
>
> If, there is any cost please let it be known.
>
> Thank you.

(D.E. 53 at 1.) The referenced documents are the indictment (D.E. 1), minutes from a call for sentencing and his sentencing proceeding (D.E. 31, 44), Defendant's objections to the Presentence Investigation Report (D.E. 34, 39), and the judgment. (D.E. 47)

Secreto was convicted after pleading guilty to the sole count of the indictment against him. (D.E. 22, 23.) Judgment was entered on August 2, 2002. (D.E. 47.) Secreto did not appeal. In January 2005, he filed a motion for reduction in his sentence, which the Court denied. (D.E. 50, 51.) He has not filed any other motions with the Court until the instant letter motion. Notably, Secretro does not currently have any substantive motions pending before the Court.

1

The Court construes Secreto's letter motion as requesting documents at government expense. He has not, however, submitted an application to proceed *ifp*, nor has he provided any information to show that he is indigent and unable to afford copies of court records. Nonetheless, even assuming that he could establish that he is indigent, an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. <u>See</u> 28 U.S.C. § 753(f); <u>United States v. MacCollum</u>, 426 U.S. 317 (1976). The defendant must establish, however, that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Secreto does not explain why he needs the documents, nor does he currently have any suits pending before this Court. Accordingly, he has failed to show that he is entitled to court records at government expense. <u>See, e.g.</u>, <u>United States v. Herrera</u>, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Thus, to the extent Secreto is seeking documents at government expense, his motion is DENIED WITHOUT PREJUDICE.

If Defendant is interested in receiving the documents he listed at his own expense, he may obtain them from the Clerk of this Court. To that end, the Clerk is directed to inform Secreto of the cost of obtaining the documents he seeks (D.E. 1, 31, 34, 39, 44, and 47), as well as instructions as to how to purchase those copies.

## **CONCLUSION**

For the foregoing reasons, Secreto's motion for documents at government expense (D.E. 53) is DENIED WITHOUT PREJUDICE to his ability to request those documents again in the event that he has a pending action before the Court. Additionally, the Clerk is directed to provide Secreto with

information as to how much the documents he has requested would cost to obtain at his own expense and instructions as to how to purchase those copies.

    ORDERED this 2nd day of May, 2008.

_____
Janis Graham Jack
United States District Judge